# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAKHMATULLA ASATOV,

        Petitioner,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

        Agency.

DOCKET NUMBER
CB-1205-16-0004-U-1

DATE: May 13, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Rakhmatulla Asatov</u>, Plainville, Connecticut, pro se.

<u>Julie Ferguson Queen</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The petitioner asks the Board to review an Office of Personnel Management (OPM) regulation, 5 C.F.R. § 211.102, which provides definitions for terms used in the application of veterans' preference in Federal employment. Regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Review File (RRF), Tab 1 at 5.  For the reasons discussed below, we DENY the petitioner's request.  This is the final decision of the Merit Systems Protection Board in this proceeding.  Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

## BACKGROUND

¶2    The petitioner contends that 5 C.F.R. § 211.102, which provides definitions for terms used in the application of veterans' preference in Federal employment, is invalid on its face because it fails to define the specific term "veterans [sic] preference."  RRF, Tab 1 at 5.  He further contends that the regulation is invalid as implemented by the Board through the Board's issuance of 5 C.F.R. § 1201.56, which, among other things, addresses an appellant's burden of proof in appeals brought pursuant to the Veterans Employment Opportunity Act of 1998.  *Id*.

¶3    OPM raises multiple objections to the petitioner's request.  OPM argues that:  (1) the Board lacks jurisdiction to review the challenged regulation; (2) the petitioner fails to state a claim regarding the Board's implementation of the regulation; (3) the petitioner's challenge fails to meet the Board's regulatory criteria for review; and (4) the petitioner's challenge fails to meet the Board's prudential criteria for review.  RRF, Tab 4 at 5‑9.

¶4    The petitioner's response does not meaningfully address the agency's arguments.  RRF, Tab 5.

## ANALYSIS

¶5    The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to violate a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board

determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice.  5 U.S.C. § 1204(f)(2)(B).

¶6        The Board's regulations direct the individual requesting review to provide the following information:  a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take.    5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992).  This information is required to state a case within the Board's jurisdiction.  5 C.F.R. § 1203.11(b)(1).

¶7        Concerning his claim that 5 C.F.R. § 211.102 is invalid on its face, as noted by OPM, the petitioner has not explained why he believes the regulation requires any employee to commit a prohibited personnel practice.   The petitioner also has not identified any specific prohibited practice that the regulation requires, nor has he stated what action he would like the Board to take.  Thus, the petitioner has not satisfied the Board's criteria for regulatory review and has failed to state a claim under 5 U.S.C. § 1204(f).

¶8        Regarding his claim that the regulation is invalid as implemented, the petitioner appears to be challenging the Board's implementation of the regulation via its issuance of a separate regulation, 5 C.F.R. § 1201.56.  However, these two regulations are wholly unrelated to one another, and the petitioner has not provided any explanation as to how the Board's issuance of 5 C.F.R. § 1201.56 acts as an implementation of 5 C.F.R. § 211.102.   As such, the petitioner has failed to describe in detail the reasons why implementation of the regulation would require an employee to commit a prohibited personnel practice, and has therefore not satisfied the Board's criteria for regulatory review.

¶9        Accordingly, the petitioner's request for regulation review is denied.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.